# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

PHILLIP DAVIS,

                Petitioner,          :      Case No. 1:18-cv-822

      - vs -                               District Judge Susan J. Dlott
                                             Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Lebanon Correctional Institution
                                    :
                Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Phillip Davis to obtain relief from his convictions on various drug-related offenses in the Common Pleas Court of Clinton County, Ohio (Petition, ECF No. 1). Davis initially filed the case at the Dayton location of Court, but it has been transferred to the Cincinnati location and re-assigned to District Judge Susan Dlott in accordance with S. D. Ohio Civ. R. 82.1(f). However, the Magistrate Judge referral has remained with the undersigned to help balance the Magistrate Judge workload in the Western Division of the Court.

Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

David recites in his Petition that he was convicted of

> (1) one count of engaging in corrupt activity in violation of R.C. 2923.32, a first -degree felony, (2) one count of illegal manufacture of drugs in violation of R.C. 2925.04, a second-degree felony, (3) twenty-three counts of trafficking in cocaine in violation of R.C. 2925.03, four of which were first-degree felonies while the remaining 19 were fifth-degree felonies, and (4) one count of aggravated trafficking in drugs in violation of R.C. 2925.03, a third-degree felony. Several counts carried enhancement specifications for exceeding the bulk amount of drugs.

(ECF No. 1, PageID 1-2.)  The convictions resulted in an eighteen-year sentence which Petitioner is serving in Respondent's custody.

Petitioner pleads the following Grounds for Relief:

> **Ground One:**  Petitioner cannot be convicted and sentenced under R.C. 2925.03(a)(2) with a specification as to the amount when no drugs are recovered, tested or weighed.

> **Supporting Facts:**  Petitioner was never charged with actually making a sale of illegal drugs because no illegal drugs were ever found, discovered, or entered as evidence. The state also failed to address the issue that its theory of the case was that Petitioner could be found guilty of making an offer to sell drugs based upon the telephone calls and that the State never placed Petitioner in Clinton County while on the phone making the offers. Similarly, the State failed to introduce any evidence proving that Petitioner prepared, transported or delivered any illegal drugs into Clinton County or that the drugs weighed a certain amount on that day. Thus, petitioner has been denied his right to due process under the 5th and 14th Amendment of the United States Constitution.

> **Ground Two:**  Petitioner cannot be convicted and sentenced under R.C. 2925.04 when no illegal substances are recovered or tested.

> **Supporting Facts:**  Petitioner was simply alleged to have talked about manufacturing a controlled substance. Absent evidence showing activity and that an illegal substance was actually manufactured, a conviction for violating this statue [sic]: in a violation of petitioner's due process rights under the 5th and 14th Amendment.

**Ground Three:** Petitioner's constitutional right to effective assistance of counsel is violated when counsel does not object to clear hearsay testimony of the detective testifying about his interpretation of the Defendant's words.

**Supporting Facts:** Trial counsel failed to object during many portions of testimony by Detective Scott Baker, which allowed the jury to view unsubstantiated evidence as actual true occurrences and events; to the prejudice of Petitioner. Thus, Petitioner has been deprived of his constitutionally [sic] rights under the 5th and 14th Amendment of the United States Constitution, due to constitutionally inadequate representation of counsel.

**Ground Four:** Ineffective assistance of appellate counsel for failure to inform Petitioner of: (1) the existence of a post-conviction remedy under R.C. 2953.21; and (2) the timeline in which Petitioner was required by, by rule, to file a timely post-conviction petition under R.C. 2953.21.

**Supporting Facts:** Appellate counsel had a responsibility under the 5th and 14th Amendments of the United States Constitution to inform Petitioner of such an important collateral review proceeding.

**Ground Five:** Petitioner's convictions are not supported by sufficient evidence.

**Supporting Facts**: Petitioner was never charged with actually making a sale of illegal drugs because no illegal drugs were ever found, discovered, or entered as evidence. The state also failed to address the issue that its theory of the case was that Petitioner could be found guilty of making an offer to sell drugs based upon the telephone calls and that the State never placed Petitioner in Clinton County while on the phone making the offers. Similarly, the State failed to introduce any evidence proving that Petitioner prepared, transported or delivered any illegal drugs into Clinton County or that the drugs weighed a certain amount on that day. Petitioner thus, was deprived of his right to Due Process under the 5th and 14th Amendment of the United States Constitution.

(Petition, ECF No. 1, PageID 4-7.)


**Procedural History**

Davis was indicted September 8, 2014, on 520 separate drug counts by a Clinton County, Ohio, grand jury. The State proceeded to trial on far fewer counts and a trial jury returned guilty verdicts on (1) one count of engaging in corrupt activity in violation of R.C. 2923.32, a first-degree felony; (2) one count of illegal manufacture of drugs in violation of R.C. 2925.04, a second-degree felony; (3) twenty-three counts of trafficking in cocaine in violation of R.C. 2925.03, four of which were first-degree felonies while the remaining nineteen were fifth-degree felonies; and (4) one count of aggravated trafficking in drugs in violation of R.C. 2925.03, a third-degree felony.

After conviction, Davis appealed to the Ohio Court of Appeals for the Twelfth District which affirmed the conviction. *State v. Davis*, 2017-Ohio-495, 85 N.E. 3d 136 (12th Dist. Feb. 13, 2017), appellate jurisdiction declined at 151 Ohio St. 3d 1426 (2017). Davis has not pursued any state collateral attacks on the conviction, but filed his Petition here by placing it in the prison mailing system of November 17, 2018 (ECF No. 1, PageID 9).

# Analysis

Davis pleads that all of his claims, except Ground Four, were brought before the Twelfth District Court of Appeals on direct appeal. In that proceeding he raised as assignments of error (1) that his convictions were not supported by sufficient evidence, (2) that his convictions were not supported by the manifest weight of the evidence, (3) that he received ineffective assistance of trial counsel, (4) that the trial court erred in denying his motion to suppress, and (5) that the penalty enhancements to higher level felonies were contrary to law. Assignments of error one, three, and five are pleaded here in a slightly different arrangement of arguments.

**Ground One:  Insufficient Evidence of Quantity of Drugs**


In his First Ground for Relief, Davis argues he could not constitutionally be convicted and sentenced to the enhanced penalties provided in Ohio Revised Code § 2925.03 on a specification depending on the weight of the drugs when no drugs are actually seized, tested, and weighed.  The Twelfth District decided this claim under Davis's fifth assignment of error as follows:

> [*P81]  Davis argues that the specifications leading to his penalty enhancements based on the weight of controlled substance are contrary to law. Specifically, Davis' argument relies on a similar proposition that we addressed with regard to his sufficiency and manifest weight arguments. According to Davis, the imposition of penalty enhancements was improper because the state did not introduce the illegal substance as evidence. However, as addressed in Davis' first assignment of error, the holding in *Chandler* "does not apply to situations where no drug is recovered and no testing is performed." *Garr*, 126 Ohio St. 3d 334, 2010-Ohio-2449 at ¶ 28, 933 N.E.2d 1063. Consistent with *Garr*, Davis may be convicted of the relevant weight specifications. Here, as addressed in Davis' first assignment of error, the state presented testimony on each charge that the weight of the drug satisfied the statutory requirements and therefore there was no error in imposing the relevant penalty enhancements.

*State v. Davis, supra*.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. ___, 136 S.Ct. 709, 193 L.Ed.2d 639 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the

> prosecution. Second, even were we to conclude that a rational trier
> of fact could not have found a petitioner guilty beyond a reasonable
> doubt, on habeas review, we must still defer to the state appellate
> court's sufficiency determination as long as it is not unreasonable.
> See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency-of-the-evidence habeas

corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and

then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v.*

*Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en*

*banc*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction

based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647,

656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal
> habeas proceedings because they are subject to two layers of judicial
> deference. First, on direct appeal, "it is the responsibility of the jury
> -- not the court -- to decide what conclusions should be drawn from
> evidence admitted at trial. A reviewing court may set aside the jury's
> verdict on the ground of insufficient evidence only if no rational trier
> of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.
> S. 1, ___, 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (per curiam).
> And second, on habeas review, "a federal court may not overturn a
> state court decision rejecting a sufficiency of the evidence challenge
> simply because the federal court disagrees with the state court. The
> federal court instead may do so only if the state court decision was
> 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S.
> ___, ___, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(*per curiam*); *Parker v. Matthews*, 567 U.S. 37, 43

(2012) (*per curiam*). Because the state court of appeals decided Davis's sufficiency of the

evidence claims on the merits, those decisions are entitled to deference under the AEDPA unless

Davis demonstrates they are contrary to or an unreasonable application of clearly established

Supreme Court precedent. He has not done so.

In *State v. Chandler*, 109 Ohio St. 3d 223, 226 (2006), the Supreme Court of Ohio held

that "a person can be convicted for offering to sell a controlled substance in violation of R.C. 2925.03(A)(1) without actually transferring a controlled substance to the buyer." In *Chandler* the court held that a substance offered for sale must contain some detectable amount of a controlled substance to support classifying the defendant as a major drug offender. *Id*. at 224 (syllabus). In *Garr v. Warden, Madison Correctional Inst*., 126 Ohio St. 3d 334 (2010), the court clarified that its holding in *Chandler:*

> [I]s limited to those cases where the substance offered for sale is recovered and subjected to testing to determine whether it contains a detectable amount of the drug offered for sale. It does not apply to situations where no drug is recovered and no testing is performed. Hence, where an offender offers to sell a controlled substance in a quantity that would implicate the MDO (major drug offender) specification, and where no substance is ever recovered or tested, *Chandler* is factually distinguishable, as it is a counterfeit drug case where the alleged drug was recovered and tested. Therefore, *Chandler* does not apply to the situation as presented here where Garr offered to sell a drug that was not recovered. In such a case, the offender may be convicted of an MDO specification in a properly proven case.

*Garr* at ¶ 28.

In essence, Davis's First Ground for Relief asserts there was insufficient evidence to prove him guilty of the enhanced penalty amounts because no amount of drugs was ever seized.

As can be seen from the cited cases, *Chandler* and *Garr*, Ohio law does not purport to punish an offer to sell a certain quantity of drugs only if there is direct evidence of the amount, i.e. by seizure, testing, and weighing. Circumstantial evidence of the amount is sufficient, such as a recording of a defendant's offer to sell a certain amount, evidence of the sort presented at trial in this case from wiretap intercepts.

Federal constitutional law does not impose a requirement of direct evidence. Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the

evidence to exclude every reasonable hypothesis except that of guilt. *United States v. Ramirez*, 635 F.3d 249 (6th Cir. 2011); *United States v. Kelley,* 461 F.3d 817, 825 (6th Cir. 2006); *United States v. Reed,* 167 F.3d 984, 992 (6th Cir. 1999); *United States v. Beddow,* 957 F.2d 1330, 1334 (6th Cir. 1992). "[D]irect evidence of a fact is not required. Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence. *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960)(Brennan), citing *Rogers* v. *Missouri Pacific R. Co.*, 352 U.S. 500, 508, n. 17(1957).

Nor does the Constitution prohibit a State from punishing an offer to sell a controlled substance as opposed to making an actual sale. From the wire intercepts summarized in the Twelfth District's opinion, there was more than sufficient evidence from which a jury could reasonably have found that Davis made the prohibited offers of the amounts required for enhanced punishment.

Davis's First Ground for Relief is without merit.


**Ground Two:  Insufficient Evidence of Manufacturing Drugs**


In his Second Ground for Relief, Davis claims he could not constitutionally be convicted of manufacturing drugs under Ohio Revised Code § 2925.04 when no drugs were seized. The Twelfth District dealt with this claim as follows:

> [*P48]  As to Count 4, Davis was also convicted of one count of illegal manufacture of drugs in violation of R.C. 2925.04. R.C. 2925.04 states that "[n]o person shall knowingly cultivate marihuana or knowingly manufacture or otherwise engage in any part of the production of a controlled substance.
>
> [*P49]  While there were many instances in which Davis described his manufacturing, the state proceeded on only one count. On

November 22 at 6:08 PM, Davis spoke with a known drug user and stated that he has "the soft" right now, which is a term for cocaine. Davis states that he had to put it "in a pot," which means that he will be manufacturing the cocaine into crack. Then Davis states that he will give the caller an eight ball (3.5 grams) for $200.

[*P50]  At 6:12 PM Davis speaks with Kline and asks Kline to have Deb come and get him. At 6:59 PM, Davis calls Kline and asks him to bring a Pyrex dish, baking soda, and a metal hanger, which are items used for the manufacture of crack. At 8:23 PM, Davis calls Kline looking for a place to cook the crack and Kline offers his residence. Davis accepts. At 9:09 PM, an unidentified individual is discussing the manufacturing process of crack with Davis. Using the testimony of Detective Baker, combined with the telephone recordings, the discussion involves the unidentified individual asking how much crack he will get for 14 grams of cocaine after manufacturing. Davis explains that he will get 14 grams, "you going to at least get what you put in." The individual states that he would like to get 18 grams out of the 14 grams. Detective Baker stated that you can increase the amount of crack made if the cocaine is a higher quality and you combine other ingredients to increase the yield. At 9:29 PM, Davis states the quantity that he was able to make "Ok, that shit jump you hear me. I just got 31 off of one you feel me. 31 and some." At 9:35 PM, Davis receives a call and states that he "just got out the kitchen," which Detective Baker testified means that he just completed the manufacturing process. Detective Baker testified that all of these conversations transpired over the course of less than three hours and Davis' presence was confirmed at Kline's house that day by undercover surveillance teams.

[*P51]  Based on our review, we conclude that the state presented sufficient evidence that Davis knowingly manufactured a controlled substance in violation of R.C. 2925.04.

*State v. Davis, supra.*

As with the First Ground for Relief, there is no federal constitutional distinction between circumstantial and direct evidence.  Here the jury heard Davis's description over a three-hour period of time of what he was doing:  cooking powder cocaine into crack.  Davis did not tell his buyer what he was going to do at some time in the future or engage in a hypothetical discussion of cooking crack.  Instead, he described the process as he engaged in it.  Of course it is true that he

could have been lying about what he was doing, but his recorded admissions were certainly sufficient for a jury to conclude that he was doing what he said he was doing.

Davis's Second Ground for Relief is without merit.


**Ground Three:  Ineffective Assistance of Trial Counsel**


In his Third Ground for Relief, Davis claims he received ineffective assistance of trial counsel when his attorney did not object to "many portions of testimony by Detective Scott Baker, which allowed the jury to view unsubstantiated evidence as actual true occurrences and events; to the prejudice of Petitioner."  Davis raised this claim as his third assignment of error on direct appeal and the Twelfth District decided it as follows:

> [*P65]  In his third assignment of error, Davis argues that he was denied effective assistance of counsel. Davis asserts that his trial counsel failed to object to "many portions" of testimony that he claims were improper and stating "[n]o one can read the transcripts and not ascertain that many, many questions and answers should have been objected to by trial counsel whether the basis was hearsay, relevancy, lack of foundation, etc." We disagree with Davis' claim.

> [*P66]  To prevail on an ineffective assistance of counsel claim, an appellant must establish: (1) that his trial counsel's performance was deficient; and (2) that such deficiency prejudiced the defense to the point of depriving the appellant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Vore,* 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 14. Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Strickland* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000 Ohio 448, 721 N.E.2d 52 (2000).

[*P67]  We have carefully reviewed the entirety of the transcript and find that Davis' trial counsel was not ineffective. While Davis vaguely asserts that there were "many portions" of testimony that were objectionable, we do not concur with Davis' assessment that his trial counsel was ineffective. Trial counsel is not ineffective for failing to object at every potential moment in a case and declining to object may be considered trial strategy. As noted by the Ohio Supreme Court:

> [E]xperienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment. * * * In light of this, any single failure to object usually cannot be said to have been error unless the evidence sought is so prejudicial * * * that failure to object essentially defaults the case to the state. Otherwise, defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice.

*State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 140, 858 N.E.2d 1144, citing *Lundgren v. Mitchell,* 440 F.3d 754, 774 (6th Cir. 2006).

[*P68]  Davis' scattershot attempt to argue that certain portions of testimony should have been objected to neither present an accurate representation of what occurred at trial, nor do they explain a basis for objection. For example:

> Examples of trial counsel's ineffectiveness can be found as followed [sic]: Given nature of the evidence (and lack thereof), Detective Baker's first sixty pages of testimony contains hearsay and irrelevant information that trial counsel never objected to, such as having two informants killed (T.p. 313), we based the opinion (T.p. 314-15), a leak involving search warrants (T.p. 316), "we did a complete chart of the entire drug trafficking organization" (T.p. 325), "Mark Burch lived in the residence that Khalif Zione had gave to his probation officer" (T.p. 328), testifying about what an undercover officer saw and believed (T.p. 330), and that the surveillance units confirmed who as [sic] actually there for the transaction (T.p. 330). Similarly, Detective Baker was allowed to testify about events to which he had no personal knowledge: a traffic stop that occurred by a state highway patrolman (T.p. 417), a second

> traffic stop that occurred in Warren County and that methamphetamine was located inside the vehicle. (T.p. 424), and drug transactions by undercover officers and what other individuals said (T.p. 429-30, 351, 355, 407).
>
> [*P69]  In addition, Davis complains that "trial counsel did not object to improper statements made by the prosecutor during closing argument," but declines to address which statements were objectionable. However, having reviewed the record, we find Davis' argument to be without merit. Davis has not shown that his counsel was ineffective, nor has he shown that the outcome of the trial would have been different but for these objections and decisions by counsel. Rather, as noted above, Davis was convicted based on overwhelming evidence presented at trial. Accordingly, Davis' third assignment of error is overruled.

*State v. Davis, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Here the Twelfth District applied the controlling Supreme court precedent, *Strickland v. Washington*, and this Court cannot say that the application was unreasonable.  Juries do not like constant interruption by objection. And on appeal Davis did not offer any reason why the various parts of testimony would have been objectionable, thereby failing to demonstrate deficient performance.  Davis's Third Ground for Relief is without merit.

**Ground Four:  Ineffective Assistance of Appellate Counsel**

In his Fourth Ground for Relief, Davis complains that his appellate attorney did not tell him about Ohio's post-conviction relief remedy under Ohio Revised Code § 2953.21 and especially about the deadline for filing which is one year after the trial transcript is filed in the court of appeals. The Sixth Circuit has held that notifying a client of the filing of the trial transcript and of the deadline for filing under Ohio Revised Code § 2953.21 is a duty of appellate counsel; failure to fulfill that duty is cause excusing failure to timely file the post-conviction petition. *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014). Thus if Davis were presenting a substantive claim which should have been presented in post-conviction, his failure to do so would be excused by his attorney's failure to advise him of the deadline which would have excused his failure to file under Ohio Revised Code § 2953.21.

However, Davis's Fourth Ground for Relief is completely conclusory. That is, he does not say what claims he would have raised in a post-conviction petition. In the absence of some showing that he would have had claims which could have been successful, he has not successfully pleaded a claim of ineffective assistance of appellate counsel because he has not shown or even claimed how he was prejudiced by is appellate attorney's failure. Ground Four should be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Five: Insufficient Evidence of Venue**

In his Fifth Ground for Relief, Petitioner asserts that there was insufficient evidence placing him in Clinton County in connection with the drug-related activities with which he was charged, i.e. the State did not place him in Clinton County when making telephone calls offering to sell drugs or preparing, transporting, or delivering drugs into Clinton County.

Davis raised this claim as part of his First Assignment of Error on direct appeal. The Twelfth District noted that Davis had not raised the issue of venue in the trial court and it could therefore only review the question for plain error. *State v. Davis, supra*, at ¶¶ 23-24. Davis's failure to raise the claim in the trial court means that he has procedurally defaulted it for habeas corpus purposes.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the

> exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124
> S.Ct. 1847, 158 L.Ed.2d 659 (2004). "Just as in those cases in which
> a state prisoner fails to exhaust state remedies, a habeas petitioner
> who has failed to meet the State's procedural requirements for
> presenting his federal claims has deprived the state courts of an
> opportunity to address" the merits of "those claims in the first
> instance." *Coleman,* 501 U.S., at 731-732, 111 S.Ct. 2546, 115
> L.Ed.2d 640. The procedural default doctrine thus advances the
> same comity, finality, and federalism interests advanced by the
> exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111
> S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

Although the Twelfth District discussed the merits of the venue claim, it did so on plain

error review. A state court's plain error review is an enforcement of the procedural default, not a

waiver. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478,

511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431

F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,*

271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain

error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320

F.3d 604 (6th Cir. 2003).

At a more fundamental level, Davis's Fifth Ground for Relief fails to state a claim upon

which habeas corpus relief can be granted. The rule in *Winship* and *Jackson* is that the State must

produce sufficient evidence on every element of the crime, but as the Twelfth District recognized,

venue is not an element of any of the crimes with which Davis was charged. *State v. Davis, supra*,

at ¶ 22.

Accordingly, Davis's Fifth Ground for Relief is without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 29, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).