# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PHILLIP DAVIS,

                Petitioner,      :      Case No. 1:18-cv-822

   - vs -                                  District Judge Susan J. Dlott
                                            Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Lebanon Correctional Institution

                                            :

              Respondent.

# DECISION AND ORDER

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 6) to the Magistrate Judge's recommendation that the Petition be dismissed with prejudice and Petitioner be denied a certificate of appealability (Report and Recommendations, ECF No. 3; the "Report").

A Magistrate Judge's Report on the merits of a habeas corpus petition is dispositive of the case and therefore the objections are reviewed *de novo* by the assigned District Judge. Fed. R. Civ. P. 72(b)(3).

The Report was filed on initial review under Rule 4 of the Rules Governing § 2254 Cases (ECF No. 3, PageID 14). Petitioner objects to this mode of consideration of his case (Objections, ECF No. 6, PageID 37). He notes that he moved for a 120-day extension of time to file objections with the time to begin after he had been furnished with a "complete copy of the trial court record." *Id.* at PageID 37, citing ECF No. 4. The Magistrate Judge granted an extension of time but denied

production of the complete trial court record (Decision and Order, ECF No. 5). Petitioner proceeds to make his Objections within those constraints.

The Petition contains five Grounds for Relief. Grounds One, Two, and Five assert Petitioner's convictions are based on insufficient evidence; Ground Three claims ineffective assistance of trial counsel in failure to object to hearsay; Ground Four claims ineffective assistance of appellate counsel in failure to adequately advise about petitions for post-conviction relief under Ohio Revised Code § 2953.21 (Petition, ECF No. 1, PageID 4-7). Petitioner pleaded that all Grounds except Ground Four had been presented to the Twelfth District Court of Appeals on direct appeal. *Id.*

**Grounds Three, Four, and Five**

The Report recommended dismissal of Ground Three (ineffective assistance of trial counsel) because the Twelfth District's decision of that claim applied the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), and did so in a way that was not objectively unreasonable (Report, ECF No. 3, PageID 26). Davis makes no objection to that conclusion. Having independently reviewed it *de novo*, the District Court finds no error and ADOPTS the Magistrate Judge's recommendation as to Ground Three.

The Report also recommended dismissal of Ground Four because, although Davis's appellate attorney should have advised him about Ohio Revised Code § 2953.21, Davis did not plead any claims he would have raised in a post-conviction petition and thus had not shown the prejudice required by *Strickland, supra.* (Report, ECF No. 3, PageID 27). Davis makes no objection to that conclusion. Having independently reviewed it *de novo*, the District Court finds

2

no error and ADOPTS the Magistrate Judge's recommendation as to Ground Four.

In Ground Five, Mr. Davis pleaded there was insufficient evidence to place him in Clinton County, Ohio, where the prosecution occurred, for any of the drug-related activities of which he was convicted. The Report found this claim was procedurally defaulted because it had not been raised in the trial court, as the Twelfth District also found (ECF No. 3, PageID 29). Moreover, the Report found Ground Five did not state a constitutional claim because venue is not an element of any of the crimes of which Davis was convicted. *Id.* Davis makes no objection to that conclusion. Having independently reviewed it *de novo*, the District Court finds no error and ADOPTS the Magistrate Judge's recommendation as to Ground Five.

**Grounds One and Two**

The Report concluded that the Twelfth District's decision on the sufficiency of the evidence claims pleaded in Grounds One and Two was entitled to deference under the AEDPA because it was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent, the standard under 28 U.S.C. § 2254(d)(1).

Davis objects that this was the wrong standard to apply. Instead he says the Magistrate Judge should have found the Twelfth District proceedings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." This is the standard under 28 U.S.C. § 2254(d)(2).

In arguing this point, however, Davis essentially claims that his Motion to Suppress the results of a wiretap of his conversations should have been granted. He notes a full page of documents that were not entered into the record as evidence. (ECF No. 6, PageID 42). He then

quotes verbatim for more than seven pages the text of 18 U.SC. § 2518 (PageID 43-50). He then argues for two pages why the Motion to Suppress should have been granted.

Davis did not include as a ground for relief that his Fourth Amendment or federal statutory rights had been violated by use of evidence obtained from the wiretap, although he had raised this claim as his Fourth Assignment of Appeal on his appeal to the Twelfth District. That court found the claim was procedurally defaulted because it had not been raised in the trial court. *State v. Davis, supra,* ¶ 74. If Davis had raised his motion to suppress claim in this Court as a ground for relief, it would have been found to be procedurally defaulted.

More importantly, if Davis had pleaded a Fourth Amendment claim here, its consideration would be barred by *Stone v. Powell,* 428 U.S. 465 (1976), which holds that federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the

4

> litigation of Fourth Amendment claims because the state affords a
> litigant an opportunity to raise his claims in a fact-finding hearing
> and on direct appeal of an unfavorable decision.

*Id*. at 526. Considered as Fourth Amendment claims, Davis's Grounds One and Two are barred by procedural default and *Stone v. Powell*.

Considered as sufficiency of the evidence claims, Grounds One and Two are without merit for the reasons the Magistrate Judge gave: neither the Ohio statute nor federal constitutional law requires that drug quantities be proven by measuring and offering in evidence drugs which have actually been seized (Report, ECF No. 3, PageID 21-24.)

**Conclusion**

Having considered the case *de novo* upon Petitioner's Objections, the Court finds that they are not well-taken. The Magistrate Judge's Report is ADOPTED and the Petition is ordered dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January _9__, 2019.

                                          __s/Susan J. Dlott_____
                                              Susan J. Dlott
                                      United States District Judge